UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LAQUINTON ROLLINS,

    Plaintiff,

v.                                    Case No. 3:21cv1703-LC-HTC

ESCAMBIA COUNTY JAIL,
 ESCAMBIA COUNTY BOARD OF COMMISSIONERS,
 and ESCAMBIA COUNTY SHERIFF'S OFFICE,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Laquinton Rollins, a pre-trial detainee proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 based on various conditions of confinement at the Escambia County Jail. ECF Doc. 1. The complaint was not accompanied by a motion to proceed *in forma pauperis* or the Court's filing fee. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Because Plaintiff has failed to respond to this Court's orders requiring him to file a motion to proceed *in forma pauperis*, or pay the filing

fee, the undersigned respectfully recommends this case be dismissed without prejudice for failure to prosecute and failure to comply with an order of the Court.

On November 3, 2021, the Court entered an order instructing Plaintiff to, within twenty-one (21) days, file a motion to proceed *in forma pauperis* or pay the $402.00 filing fee. ECF Doc. 3. Plaintiff was advised his failure to comply with the order, may result in a recommendation that this case be dismissed for failure to prosecute and comply with an order of the Court. *Id.* Nonetheless, Plaintiff did not comply with that order. Thus, on December 7, 2021, the Court gave Plaintiff fourteen (14) days to show cause why his case should not be dismissed for failure to prosecute or comply with Court orders. ECF Doc. 4. The time for Plaintiff to respond to the Court's show cause order has also passed without a response from Plaintiff.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Case No. 3:21cv1703-LC-HTC

Also, Plaintiff has not filed anything with the Court since initiating this action more than two (2) months ago.  Thus, dismissal is also appropriate for failure to prosecute.  Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)).  A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED:

1.   That this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute and as malicious and an abuse of the judicial process for failure to comply with Court orders.

2.   That the clerk be directed to close the file.

At Pensacola, Florida, this this 29th day of December, 2021.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:21cv1703-LC-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.